UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUSTIN G. ABRAMS,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT CHURCH, et al.,<br><br>    Defendants. | No. CV-06-0155-CI<br><br>REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

    Before the court are Plaintiff's Motion for Leave to File Second Amended Complaint and Motion for Default Judgment. (Ct. Rec. 23, 35.) Plaintiff, a prisoner at the Grant County Jail, is proceeding pro se and *in forma pauperis*. Defendants are represented by attorney Brian A. Christensen, of Jerry J. Moberg & Associates. The motions were consolidated and heard by the court without oral argument on February 12, 2007. The parties have not consented to proceed before a magistrate judge.

**A.   BACKGROUND**

    On May 30, 2006, Plaintiff filed a Complaint in U.S. District Court alleging violations of 42 U.S.C. § 1983. (Ct. Rec. 1.) On August 11, 2006, the court dismissed the Complaint in part and granted leave to amend the Complaint. (Ct. Rec. 11.) Plaintiff

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DENY
PLAINTIFF'S MOTION FOR DEFAULT  - 1

1  filed his First Amended Complaint on September 22, 2006 (Ct. Rec.
2  12), and the court ordered service on October 23, 2006. (Ct. Rec.
3  19.) Plaintiff now moves the court for leave to file a Second
4  Amended Complaint to add one new party and add allegations for three
5  additional counts. (Ct. Rec. 23.) Defendants object to the Second
6  Amended Complaint, alleging the additional claims are likely to
7  fail. (Ct. Rec. 43.)
8      On January 5, 2007, Plaintiff filed a Declaration for Entry of
9  Default and Notice of Plaintiff's Declaration for Default, based on
10 Defendants' failure to answer the First Amended Complaint. (Ct.
11 Rec. 27, 28, 29.) Upon receipt of Plaintiff's notice of default,
12 Defendants filed an Answer to the First Amended Complaint on January
13 8, 2007. (Ct. Rec. 31.) A default was not entered by the Clerk.
14 Plaintiff's Motion for Default Judgment was filed January 22, 2007.
15 (Ct. Rec. 35.) Defendants respond that pursuant to LR 55.1(A),
16 Local Rules for the Eastern District of Washington, Plaintiff is not
17 entitled to a default judgment. Defendants further argue the matter
18 should be decided on the merits, and default judgment is not
19 appropriate where, as here, there are disputed material facts. (Ct.
20 Rec. 39.)

21 **B.  Motion for Leave to File Second Amended Complaint**

22     Plaintiff's proposed additional claims relate to prison
23 conditions. A prisoner may not bring suit with respect to prison
24 conditions "until such administrative remedies as are available are
25 exhausted." 42 U.S.C. 1997e(a). An inmate is required to exhaust
26 administrative remedies regardless of what form of relief they are
27 seeking in the complaint. *Booth v. Churner*, 532 U.S. 731, 741

(2001.) Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Plaintiff asks to add claims involving events that took place on and after August 4, 2006, and November 8, 2006. (Ct. Rec. 23 at 13-15 (Counts 9, 10 and 11).) Thus, the alleged violations took place after the Complaint was filed on May 30, 2006, and could not have been exhausted prior to bringing suit. Further, the additional defendant, Dave Ponozzo, is alleged to have been involved in these newly asserted actions. If Plaintiff wishes to challenge actions taken after May 30, 2006, he may file a separate complaint for which he will be required to pay the filing fee. Accordingly, **IT IS RECOMMENDED** Plaintiff's request for leave to amend be **DENIED** and the First Amended Complaint remain in effect.

**C.   Motion for Default Judgment**

Entry of a judgment on default is left to the discretion of the court. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The general rule is that default judgments are disfavored; cases should be decided on their merits whenever reasonably possible. *Id*. Although Defendants did not file an answer within the requisite time frame, upon receipt of Plaintiff's notice of default, they filed their Answer immediately. LR 55.1 provides that, where a party has appeared, the Clerk may enter a default only after proof of ten days' notice to the party in default. LR 55.1. Here, Defendants answered within the notice period and a default was not entered. Further, there are many disputed material facts in this matter,

which should be decided on the merits consistent with the strong policy underlying the FEDERAL RULES OF CIVIL PROCEDURE. Accordingly, **IT IS RECOMMENDED** Plaintiff's Motion for Default Judgment be **DENIED.**

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying any the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 73; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DENY
PLAINTIFF'S MOTION FOR DEFAULT - 4

and Recommendation and provide copies to Plaintiff and counsel for Defendants and the referring district judge.

DATED February 22, 2007.

                           S/ CYNTHIA IMBROGNO
                          UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DENY
PLAINTIFF'S MOTION FOR DEFAULT   - 5